UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff/Respondent, | ) ) ) | No. 5:15-CR-22-KKC-HAI-3 |
| v. | ) ) | **RECOMMENDED DISPOSITION** |
| ARNAV LEE WHEAT, | ) ) ) | |
| Defendant/Movant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This federal habeas case concerns the application of the Career Offender Guideline. On December 7, 2015, Defendant Arnav Wheat pleaded guilty to a violation of 21 U.S.C. § 846, conspiracy to distribute 500 grams or more of cocaine. D.E. 136, 137. His plea agreement noted that "if the Defendant is subject to the Career Offender guidelines at U.S.S.G. § 4B1.1, then his base offense level will be 34 pursuant to 4B1.1(b)(2)." D.E. 137 at 3 ¶ 5(c). The plea agreement also contained a waiver provision: "The Defendant waives the right to appeal the guilty plea, conviction and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence." *Id*. at 4 ¶ 8.

Wheat's Presentence Investigation Report ("PSR") applied a Chapter Four Enhancement:

> As is shown in Part B (Criminal History) below, the defendant has previously been convicted in Mercer County, Kentucky, Circuit Court for Robbery, 1st Degree (Case No. 94-CR-75), and in Fayette County, Kentucky, Circuit Court for Robbery, 1st Degree (Case No. 94-CR-838). Since the instant offense involves the distribution of cocaine and the defendant was 18 years or older at the time of its commission, the defendant is a career offender within the meaning of U.S.S.G. § 4B1.1. Therefore, per U.S.S.G. § 4B1.1(b)(B), the offense level is [34.]

PSR ¶ 20.  The PSR reports that these first-degree robbery convictions stemmed from two separate incidents in September 1994.  PSR ¶¶ 26, 27.  The PSR calculated Wheat's Guidelines Range as 188 to 235 months.  PSR ¶ 62.

Wheat was sentenced on March 17, 2016.  D.E. 164.  An amended judgment entered March 29, 2016, sentenced him to "Seventy-Two (72) Months, to run concurrent with any state sentence or parole revocation sentence that may be imposed," followed by eight years of supervised release.  D.E. 176.  This was a significant downward departure from his Guidelines Range of 188 to 235 months.  Had Wheat not been classified as a Career Offender, his Base Offense Level would have been 24.  PSR ¶ 14; D.E. 137 at 3 ¶ 5(c).  Combined with his Criminal History Category of V, his Guidelines Range without the Career Offender Enhancement would have been 92-115 months.  USSG § 5A1.1.  Wheat did not appeal.

On October 18, 2016, Wheat filed this motion, which challenges his sentence under 28 U.S.C. § 2255.  D.E. 183.  Wheat argues that his sentence should be reduced under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which was decided on June 26, 2015 and a subsequent amendment to the United States Sentencing Guidelines ("USSG").  D.E. 183 at 4; D.E. 183-1 at 5.

Under Rule 4 of the Rules Governing Section 2255 Proceedings, the Court must conduct a prompt "preliminary review" of the motion.  "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion."  *Id.*; *see also* 28 U.S.C. § 2255(b) (permitting dismissal of a § 2255 motion when "the files and records of the case conclusively show that the prisoner is entitled to no relief").  Because Wheat's motion plainly lacks merit, it must be denied.

### I. Legal Standards

Under 28 U.S.C. § 2255, a federal prisoner may seek habeas relief because his sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such a sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255. To prevail on a § 2255 motion alleging constitutional error, a defendant must establish that the error had a "substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A § 2255 movant bears the burden of proving his or her allegations by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam).

The Court recognizes that Wheat is proceeding *pro se*, without the assistance of an attorney. The Court construes *pro se* motions more leniently than other motions. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Castro v. United States*, 540 U.S. 375, 381-83 (2003).

### II. Analysis

Wheat argues that his sentence should be reduced because he did not qualify as a Career Offender in light of *Johnson*. The Court in *Johnson* held that the "residual clause" portion of the definition of "violent felony" in the Armed Career Criminal Act (18 U.S.C. § 924(e)(1)) was unconstitutionally void for vagueness. But Wheat was not sentenced under the Armed Career Criminal Act. As he acknowledges in his petition, he was sentenced as a Career Offender. D.E. 183 at 4. The Court construes Wheat's petition as arguing that *Johnson* applies to the Career Offender enhancement under the federal Sentencing Guidelines. The Sixth Circuit has held that *Johnson* does indeed apply to certain Career Offender sentences. *United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016). The Court in *Pawlak* joined the majority of Circuits "in invalidating the Guidelines' 'residual clause' as unconstitutionally vague." *Id*. at 903. The Court held that

*Johnson* applied to the clause in USSG § 4B1.2(a)(2) that was "textually identical" to the Armed Career Criminal Act's residual clause. *Id*. at 904, 907. However, the question of whether *Johnson* applies to the residual clause at USSG § 4B1.2(a)(2) is currently before the Supreme Court in *Beckles v. United States*, 136 S. Ct. 2510 (2016).

Regardless of how the Supreme Court might rule in *Beckles*, there are three issues that preclude granting Wheat's § 2255 motion. The first issue is simple: Wheat was sentenced under *Johnson*. The *Johnson* decision was issued on June 26, 2015. This was before Wheat pleaded guilty in December 2015 and before he was sentenced in March 2016. It is simply not correct that "the case law" was "not available" at the time. D.E. 183 at 4, 10. Because *Johnson* applied at the time of Wheat's sentencing he cannot now rely on it as a new rule of law that might affect his sentence retroactively. Wheat points out that the Career Offender Guideline was amended in response to *Johnson*, effective August 1, 2016. *See* D.E. 183-1 at 5. But even if this Guideline was effect at Wheat's sentencing, and if it applied retroactively, it would not apply to Wheat, as the Court will soon explain.

The second issue concerns Wheat's appeal waiver. Wheat waived the right to appeal his sentence and, except for claims of ineffective assistance of counsel, waived his right to "attack collaterally the guilty plea, conviction, and sentence." D.E. 137 at 4 ¶ 8. Wheat's § 2255 motion is a collateral attack, and he is not arguing an ineffective-assistance-of-counsel claim. This collateral attack falls squarely within the waiver provision of his plea agreement. *See Davila v. United States*, 258 F.3d 448, 450-51 (6th Cir. 2001) (upholding the validity of such waivers).

The third issue is that *Johnson*, *Pawlak*, and the Guidelines Amendment are wholly inapplicable to this case. Wheat was not sentenced under the invalidated "residual clause."

Section 4B1.1(a) of the Guidelines defines "Career Offender" for sentencing purposes:

4

> **(a)** A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Section 4B1.2, as it existed at the time of Wheat's sentencing, defines "crime of violence:"

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

The italicized portion of USSG § 4B1.2(a)(2) printed above is the clause that was invalidated in *Pawlak*. *Pawlak*, 2016 WL 2802723, at *8-9. In response to *Johnson*, § 4B1.2(a)(2) was amended, effective August 1, 2016. It now reads:

> is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

This amendment did not affect the use-of-force clause at subsection (a)(1).[1]

The problem for Wheat is that his prior convictions for Kentucky first-degree robbery fit squarely within the use-of-force clause of § 4B1.2(a)(1), not the residual clause. Under Kentucky law, first-degree robbery is defined as follows:

> (1) A person is guilty of robbery in the first degree when, in the course of committing theft, *he uses or threatens the immediate use of physical force upon another person* with intent to accomplish the theft and when he:

---

[1] It also bears noting that robbery is now an enumerated offense.

>   (a) Causes physical injury to any person who is not a participant in the crime; or
>   (b) Is armed with a deadly weapon; or
>   (c) Uses or threatens the immediate use of a dangerous instrument upon any person who is not a participant in the crime.
>
> (2) Robbery in the first degree is a Class B felony.

KRS § 515.020 (emphasis added).

Wheat argues that his convictions fall "squarely within the residual clause" and not the "force clause," but he is incorrect. D.E. 183-1 at 8-10. He could not have committed first-degree robbery without "us[ing] or threaten[ing] the immediate use of physical force upon another." KRS § 515.020. First-degree robbery "has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 4B1.2(a)(1). Because his Career Offender predicate crimes were use-of-force crimes, *Johnson*, *Pawlak*, and the Guidelines Amendment are simply inapplicable. And, even if the amendment applied, robbery is now an enumerated offense under the new version of § 4B1.2(a)(2).

In this case, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Because "it plainly appears . . . that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4.

### III. Conclusion

Having conducted a preliminary review, the undersigned finds that Wheat's petition is plainly meritless. The undersigned therefore **RECOMMENDS** that the motion be **DENIED** and that **no Certificate of Appealability should issue.**

In certain circumstances, prior notice of dismissal is required. *Shelton v. United States*, 800 F.3d 292, 294 (6th Cir. 2015); *see also Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000)

(explaining that when the court's *sua sponte* dismissal is based on procedural grounds, "the district court must provide notice and an opportunity to be heard prior to dismissal," but when "the dismissal is based on the merits . . ., no prior notice is required"). *Shelton* recognizes that a petitioner's opportunity to object to a Magistrate Judge's Recommended Disposition satisfies the notice requirement. *Shelton*, 800 F.3d at 295.

Any objection to, or argument against, dismissal must be asserted properly and in response to this Recommended Disposition. The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 28th day of October, 2016.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge